IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02024-MEH

GREAT LAKES REINSURANCE (UK) SE, f/k/a Great Lakes Reinsurance (UK) PLC,

    Plaintiff,

v.

CEDAR COVE CONDOMINIUM ASSOCIATION, INC.,
COLORADO COMPREHENSIVE MANAGEMENT, LLC,
FALLON REDMOND,
ROCKY MOUNTAIN ADJUSTERS,
CHRISTOPHER WILSON,
WOLFE LAW GROUP, INC., and
EVAN R. WOLFE,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Renewed Motion for Order re: Substituted Service on Wolfe Law Group, Inc. and Evan R. Wolfe [filed November 19, 2015; docket #13]. Filed in conjunction with the motion are Affidavits of Non-Service executed by Amanda Dougherty [docket #13-1]; in addition, the Court will consider the Affidavit of Non-Service executed by Art Shields [docket #8-5]. For the reasons that follow, Plaintiff's motion is **denied**.

## I.     Background

Plaintiff initiated this action on September 15, 2015 seeking damages for fraud and misrepresentation, insurance fraud, civil conspiracy, civil theft and violations of COCA and RICO, as well as a declaration of rights and obligations of the parties pursuant to the subject insurance contract. Plaintiff asserts that all Defendants have been served in this case except Defendants Wolfe Law Group, Inc. and Evan Wolfe, who represented Defendant Cedar Cove Condominium

Association for assistance with its supplemental insurance claim against Plaintiff. Plaintiff has provided information demonstrating the following information about the unserved Defendants: Wolfe Law Group is a Florida corporation with its principal place of business at 3801 Hollywood Blvd., Suite 300, Hollywood, FL 33021. *See* docket #8-1. Its registered agent is Donna Wolfe, at the same address. *Id.* Mr. Wolfe is a licensed Florida attorney whose mailing address with the Florida Bar is the same address as Wolfe Law Group. *See* docket #8-2. Mr. Wolfe is listed as a partner/shareholder in Evan R. Wolfe, P.A., *see id.*, which is also located at 3801 Hollywood Boulevard, *see* docket #8-3. Mr. Wolfe and Donna Wolfe are listed as the officers and directors of Evan R. Wolfe, P.A. *See id.* Correspondence sent by Mr. Wolfe that forms the basis of the Complaint against him was issued on Wolfe Law Group letterhead, and displays the same 3801 Hollywood Boulevard address. *See* docket #8-4.

According to Plaintiff's process server, several attempts at personal service of the unserved Defendants at the Florida address have failed:

> The server attempted service at 3801 Hollywood Boulevard, # 300, Hollywood, FL 33021 and found that the Law offices of Rubinton & Associates, P.A. is located there. As per a Senior Associate, Davina Tala (38 year old, white female, 5'6", 130 lbs., blond hair, no glasses) stated that "Wolfe Law Group" leases an office from them but is rarely there going only every 4 to 5 weeks. Law offices of Rubinton & Associates, P.A. is not associated with the Wolfe Law Group and would not accept service. Through skip trace, address 4000 Hollywood Boulevard, # 256, Hollywood, FL 33021 was found and attempted. The server spoke with the receptionist, Jessica (41, F, White, 5'5, 150, Dark Brown Hair, No Glasses), who informed the server th[at] Mr. Evan Wolfe has not occupied an office there for at least 2 years and his whereabouts are unknown. The server then attempted the address of 2432 SW 112th Way, Davie, FL 33325 on 10/20/15 @ 5:40 PM & 10/21/15 @ 6:30 P. This address is in a gated community, no guards on premises to render access. Called gate code, phone rang approx. 8 x's then disconnects.

Affidavit of Non-Service, docket #8-5 at 1.

The same letter at docket #8-4 displays a "Colorado Office" address at 3498 E. Ellsworth Avenue, Suite 1305, Denver, Colorado 80209. The Plaintiff's process server again described

2

attempted service as follows:

> 11/3/2015 5:45 pm SERVICE ATTEMPTED AT THE ADDRESS PROVIDED. THIS IS A SECURE BUILDING WITH A CONCIERGE. SERVER ABEL [sic] TO GET THROUGH JUST FINE. NO RESPONSE AT THE UNIT AND NO MOVEMENT BEHIND PEEPHOLE. ATTEMPTS CONTINUING.
> 11/10/2015  7:23 am  MULTIPLE SERVICE ATTEMPTS MADE WITH NO RESPONSE AT THE UNIT. ON LAST ATTEMPT, CONCIERGE DENIED SERVER ACCESS. WAS A DIFFERENT CONCIERGE THAN BEFORE. WILL CONTINUE ATTEMPTS.
> 11/10/2015 5:00 pm NON SERVED PER ATTORNEY INSTRUCTION.

Docket #13-1.

## II.    Discussion

Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that an individual may be served by following state law for serving a summons in courts of general jurisdiction in the state where the court is located or where service is made:

> (e) ... Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;
> . . .

Fed. R. Civ. P. 4.  Likewise, a corporation may be served in the same manner as that set forth in Rule 4(e)(1). Fed. R. Civ. P. 4(h)(1)(A).  Colorado law expresses a preference for personal service [*see* Colo. R. Civ. P. 4(e)], but allows for substitute service under Rule 4(f) as follows:

> [i]n the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service

> under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.

Colo. R. Civ. P. 4(f).  Rule 4(g) allows for service by mail or publication "only in actions affecting specific property or status or other proceedings in rem."  Colo. R. Civ. P. 4(g).

Here, after numerous attempts to serve the Defendants personally, Plaintiff seeks to serve the Defendants by "first-class mail, return receipt requested" under Colorado's "substituted service" provision.  The plain language of that rule, however, states that it applies when a party seeks to serve *a substituted person* on behalf of the opposing party. *See Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1240 (Colo. 2012) (Rule "4(f) directs the court to authorize delivery to the substituted person and to order that process me mailed to the address of the defendant"). The rule does not provide authority for alternative methods of service when a party simply cannot effectuate personal service under Rule 4(e). The language of Colorado's Rule 4(g) supports this conclusion where it states that service by mail shall be allowed only in specific proceedings.  Notably, the Plaintiff neither argues, nor even mentions, whether Rule 4(g) applies in this case.

### III.   Conclusion

Finding that Plaintiff has failed to demonstrate service by mail would be proper under the circumstances of this case, the Court **denies** Plaintiff's Renewed Motion for Order re: Substituted Service on Wolfe Law Group, Inc. and Evan R. Wolfe [filed November 19, 2015; docket #13].

DATED at Denver, Colorado, this 20th day of November, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

5